OHIO vs. KINNY.

BELMONT.
August, 1817.

Ohio
v.
Kinny.

The cashier of a bank who is also a stockholder is a competent witness to prove a bill on such bank to be counterfeit.

It is not a fatal variance between the note offered in evidence and the indictment, that the latter omits the figures on the margin, which are not a material part of the instrument.

INDICTMENT, for passing counterfeit bank notes.

HARPER and WRIGHT, for the prisoner.

JENNINGS and HAMMOND, for the state.

On the trial, William Larwell was sworn as a witness on the part of the state; he was asked by the prisoner's counsel, if he was not a stockholder in the German Bank of Wooster—he answered that he was—whereupon they objected to his testifying, and cited 4th John. Rep. 302, in support of the objection.

PRESIDENT.—The first count in the indictment, charges, that the prisoner altered and published, as true and genuine, a false and forged three dollar note, purporting to be a three dollar note of the German Bank of Wooster, knowing the same to be false, &c. and with intent to defraud one Thomas Holmes. Mr. Larwell, the cashier of the Wooster Bank, is called as a witness, and it is objected that he is incompetent; 1st, because he is a stockholder in the Bank, and therefore interested in this cause; and 2d, because he is a person whose name is alledged to have been forged. The opinion of chief justice Kent, in the case of the People vs. Howel, 4th John. Rep. 302, is relied upon both in support of the objection and in opposition to it.

The first part of the objection to this witness, if available, is equally so to every stockholder in the bank, the note of which is charged to have been forged; and such objection must rest on the ground of interest; for unless the stockholders in the bank are interested in proving this note to be a forgery, there can be no reason for refusing to hear their testimony; and such interest, if it exist at all, must be shewn to be an interest in the event of the suit. Now the verdict and judgment in this case, cannot be evidence in a suit brought on this note, nor the stockholders in the Wooster Bank, in any event be made liable for the costs of this prosecution; they cannot, therefore, be excluded on that ground.

It seems to be established law in England, that a witness shall

BELMONT. not be permitted to say that the bond purporting to have
August, 1817. been made by him, was forged, (The King vs. Borton, 4th
Ohio East, 572) and it is considered there as an anomalous case
*v.* in the law of evidence, so settled upon doubtful and
Kinny.
unknown principles. The opinion of judge Kent, is against adopting
this anomaly into the law of New-York; and if the question was now
made, the inclination of my mind would be strongly against adopting
it here. But I do not consider that question as arising in this case;
the signature of the cashier of a bank to a note, is the attestation of a
witness, and no case has gone the length of excluding the person whose
name purports to be signed as a witness to a bond or note, from proving
2d New Rep. 96. such signature to be a forgery. The witness offered, not
being interested in the event of this prosecution, and not
being the person whose note is alledged to be forged, he is admissible.

The counsel for the state, offered to read in evidence, the note
which had been proven to be counterfeit, and also proven to be the one
passed by the prisoner to Thomas Holmes.

It was objected to, as variant from the note described in the first
count of the indictment; the variance insisted on, was, that on the
face of the note offered, the figure 3 was printed on each side the
vignette, and near the upper margin of the note, which figures were
omitted in the description of the note in the indictment.

PRESIDENT.—That any variance in setting out a written instru-
ment is fatal, is admitted; but it is contended, that these figures are
no part of the note, and that, therefore, it is unnecessary to set them
out. Whatever is merely ornamental in its intention, and does not
constitute a part of the obligation, need not be described in the indict-
ment; if it were required to be so described, to the learning and skill
of the lawyer, the prosecuting attorney would be obliged to add the
eye and hand of the limner. The only question, therefore in such cases,
is, Is it a part of the obligation? The counsel for the prisoner, do not
urge, that these figures are a part of the *obligation*, but that they are a
part of the *instrument* said to be a forgery; but the same observation
may be made as to the figure of a sheep on the bill; the necessity of
describing which, in the indictment, is not urged; and yet, if every
part of the instrument is to be set out, the objection would be
equally fatal to this. The true rule is, that you must set out every
material part of any obligation or instrument you undertake to set
out. These figures form no part of this note, as such; they are

merely added by way of ornament, and need not, therefore, be described in the indictment: see 1st Mass. Rep., 62, 203—3d Johns. Cas., 299—Ohio vs. Ankrim, supra 80.

The prisoner was convicted, and sentenced to the penitentiary for ten years.